UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Case No. 8-25-72089-ast

BAKERY PROCESS SOLUTIONS INC.                   Chapter 11
d/b/a BAKERY PROCESS SOLUTIONS,

                            Debtor.
-----------------------------------------------------------X

### AFFIDAVIT PURSUANT TO E.D.N.Y. LBR 1007-4

STATE OF NEW YORK   )
                                     ) ss:
COUNTY OF NASSAU   )

       Julio Llovet, being duly sworn, deposes and says:

       1.     I am the President of Bakery Process Solutions Inc. d/b/a Bakery Process Solutions, the debtor and debtor-in-possession herein ("Debtor"). I have knowledge of and am familiar with the day-to-day operations, business and financial affairs and books and records of the Debtor. With respect to pending legal matters, I have relied upon the advice and counsel of the Debtor's attorneys and other professionals.

       2.     I submit this Affidavit (the "Affidavit") in support of Debtor's voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C.§§ 101, et. sec. (as amended, the "Bankruptcy Code"), and pursuant to EDNY LBR 1007-4.

       3.     Any capitalized term not defined herein shall have the meaning ascribed to such term in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the LBR.

       4.     Except as otherwise noted herein, all facts set forth in this Affidavit are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. If called upon to testify, I could and would testify competently to the facts set forth in this Affidavit.

5.  Unless otherwise indicated, the financial information set forth in this Affidavit is unaudited.

## Background

6.  On May 29, 2025 (the "Filing Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. No trustee, examiner or committee of unsecured creditors has been appointed, and Debtor is continuing to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.  Debtor, a New York corporation, is a national distributor of frozen breads and other baked goods, working with large companies such as Mondelez. Debtor is also expanding into the business of producing frozen artisanal breads for national wholesale and retail distribution.

8.  Debtor is a small business debtor within the meaning of 11 U.S.C. § 101(51D), and is not a single asset real estate debtor within the meaning of 11 U.S.C. § 101(51B).;

9.  Debtor operates from its premises located at 33 Rajon Road, Bayport, New York 11705 (the "Premises"), where all of its assets are located. In addition, Debtor's books and records are located at the Premises.

10. Debtor's chapter 11 filing was caused by a myriad of factors coming together in a perfect storm, including the Debtor's attempts to expand its business, which as of the Filing Date appears to be a successful endeavor. The Debtor incurred additional expenses to help improve the premises so that the Debtor is able to meet all food supply safety standards for its expanded client base.

11. A list containing the names, addresses and the amounts of the claims of the Debtor's twenty (20) largest known non-insider, general, unsecured creditors, has been filed with Debtor's petition and designates which claims are disputed, contingent or unliquidated. To the best of my knowledge, none of the claims listed on that schedule are partially secured.

12. The Debtor's five (5) largest secured creditors are as follows:

(i) Financial Pacific Leasing Inc., 3455 South 344th Way, Suite 300, Federal Way, WA 98063, as the lessor of equipment to Debtor;

(ii) Funding Metrics LLC, 3220 Tillman Drive, Suite 200, Bensalem, PA 19020, who has a security interest in Debtor's future receipts;

(iii) Merchant Marketplace, c/o Sigma Financial, 331 Newman Springs Road, Suite 143, Building 1, 4th Floor, Red Bank, NJ 07701, who has a security interest in Debtor's future receipts;

(iv) On Deck Capital LLC, 4700 W. Daybreak Parkway, Suite 200, South Jordan, UT 84009, who has a security interest in Debtor's future receipts; and

(v) The Fundworks LLC, 299 South Main Street, Suite 130, PMB 93894, Salt Lake City, UT 84111, who has a security interest in Debtor's future receipts.

13. A summary of Debtor's assets and liabilities on an unaudited basis as of the Filing Date is as follows:

(a) Assets: Debtor's assets are estimated to total $5,625,000.00 on a liquidation basis as follows:

1. Chase Bank checking account balance of $28,225.04; and
2. Equipment, as itemized in Schedule A/B, Part 8, Paragraph 50, with a liquidated value of $827,500.00.

(b) Liabilities: Debtor's liabilities are as follows:

      1. Secured Claims: Balance due on leased equipment of $125,000.00, and four (4) merchant cash advance loans totaling $273,325.25.

      2. Unsecured Debt totaling $994,020.82.

14. To the best of my knowledge, there are no classes of shares of stock, debentures, or other securities of the Debtor that are publicly held.

15. To the best of my knowledge, there is no property of Debtor in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

16. Debtor's principal place of business and its principal assets are located at the Premises, and its financial books and records are located at the Premises.

17. There is no action or proceeding, pending or threatened, against Debtor or its property where a judgment against Debtor or a seizure of its property may be imminent.

18. Debtor's existing senior management consist of Julio Llovet, the president of Debtor.

19. The estimated amount of the weekly payroll to the employees during the thirty (30) day period following the filing of this Chapter 11 case is $12,000.00.

20. The gross amount to be paid for services (inclusive of taxes, health insurance, payment of car loan) for the thirty (30) day period following the filing of the chapter 11 petition to officers, stockholders, and directors of the Debtor shall be $0.

21. Debtor estimates that during the 30 days following the filing of this case, its cash receipts from the operation of its business shall be approximately $364,000.00.

22. Debtor estimates that during the 30 days following the filing of this case, its cash disbursements, inclusive of payroll, salaries, sales taxes, etc., shall total $299,484.00.

23. As a result, the Debtor believes that its net cash gain during the 30 days following the filing of this case shall be $64,550.00.

24. Debtor intends to reorganize by paying creditors through the operation of its business and the anticipated expansion of business.

25. It is therefore respectfully submitted that it will be in the best interests of all entities for Debtor to continue in the management of its business and of its property in this Chapter 11 case.

Julio Llovet

Sworn to before me on this
29th day of May, 2025.

Mark E. Cohen
Notary Public – State of New York
No. 02CO4983573
Qualified in Nassau County
Commission Expires September 21, 2025

GERARD G. YLLANES
Notary Public, State of New York
Reg. #01YL6072005 Suffolk County
Comm. Expires Mar. 25, 20_26_